IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GENERAL ARNEZ BRYANT, III,

     Plaintiff,

v.                                    CASE NO. 4:13-cv-426-MW-GRJ

LARRY CAMPBELL, et al,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a pro se complaint pursuant to 42 U.S.C

§ 1983 on August 5, 2013. (Doc. 1.) Plaintiff is currently confined in the Leon County

Jail, as he was at the time that the Complaint was filed. Plaintiff's claims stem from an

alleged denial of access to the Leon County Jail law library and a challenge to the law

library's policy concerning the availability of legal materials to non-pro se inmates.

Defendants are Leon County Sheriff Larry Campbell, Major Alan Griner, Lieutenant

Chuck Davis, Officer D. Jackson, and law library paralegal W.S. Woodard.

After review of the Complaint the Court concludes that it should be dismissed for

failure to state a claim upon which relief may be granted. Pursuant to 28 U.S.C. § 1915

governing proceedings *in forma pauperis*, the Court may dismiss a case at any time if

the Court determines that the action is frivolous, malicious, fails to state a claim upon

which relief can be granted, or seeks monetary relief against a defendant who is

immune from such relief.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an

act or omission committed by a person acting under color of state law deprived him of a

right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.")

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998)(*overruled on other grounds* by *Iqbal*).

Plaintiff alleges that his right of access to court is being violated while he is a pretrial detainee at the Leon County Jail. Plaintiff alleges that he seeks legal materials from the jail law library, and that Defendants have denied him access to the law library because he is represented by counsel. (Doc. 1.) Plaintiff seeks injunctive relief as well as nominal and punitive damages, and recovery of his court costs.

Plaintiff's allegations do not establish any violation of his right of access to the courts. The Eleventh Circuit has explained that:

> The Fourteenth Amendment gives prisoners a right of access to the courts. *Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir.1998). Inmates are not, however, guaranteed "the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims," but are only assured "[t]he tools ... need[ed] in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis v. Casey*, 518 U.S. 343, 354-55, 116 S.Ct. 2174, 2181-82, 135 L.Ed.2d 606 (1996); *see also Wilson*, 163 F.3d at 1290. "The limited types of legal claims protected by the access-to-courts right [are] non-frivolous appeals from a conviction, habeas petitions, or civil rights suits." *Al- Amin v. Smith*, 511 F.3d 1317, 1332 (11th Cir.), cert. denied, --- U.S. ----, 129 S.Ct. 104, 172 L.Ed.2d 33 (2008).
>
> A constitutional prerequisite to a claim of denial of access to the courts is that the complainant must show "deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials." *Id*. (internal quotes and citations omitted). We have noted that missing filing deadlines is an example of an actual injury. *Wilson*, 163 F.3d at 1290 n. 10.

*Hall v. Sec'y for the Dep't of Corr.*, 304 Fed.Appx. 848, 849-50 (11th Cir.2008) (unpublished), *cert. denied* 129 S.Ct. 2440 (2009).

Notably, Plaintiff is represented by counsel in his state criminal case who has unlimited access to legal materials. The Court concludes that under such circumstances the Complaint fails to state a claim because Plaintiff has little or no chance of success on a claim of constitutional deprivation of access to the courts.

In *Kane v. Garcia Espitia*, 546 U.S. 9, 10 (2005), the Supreme Court held that there is no clearly established right under federal law to access to a jail law library while a pretrial detainee is proceeding as a *pro se* defendant in a criminal case.

In a habeas case asserting an access-to-court claim, a district court in the Middle

District of Florida noted:

> In fact, the Supreme Court has acknowledged that there is a Circuit split
> on the issue of whether defendants who voluntarily decline publicly funded
> counsel and choose to represent themselves have no constitutional right
> of access to a law library. *See [Kane,* 546 U.S.at 10] (acknowledging but
> declining to resolve issue of whether defendants who voluntarily decline
> publicly funded counsel and choose to represent themselves have no
> constitutional right of access to a law library). *See, e.g., Degrate v.
> Godwin*, 84 F.3d 768, 769 (5th Cir.1996) ("having rejected the assistance
> of court appointed counsel, Degrate had no constitutional right to access a
> law library in preparing the pro se defense of his criminal trial").

*Davis v. Sec'y, Dep't of Corr.*, 2009 WL 2252329, at *7 (M.D.Fla. 2009) (unpublished).

In a civil rights case raising an access-to-court claim similar to the claim raised in the

instant case, another judge in the Middle District of Florida concluded that:

> Although this is a civil rights action, the same reasoning applies;
> there is no constitutional right to access a law library in preparing a *pro se*
> defense in a criminal case. *See Degrate v. Godwin*, 84 F.3d 768, 769 (5th
> Cir.1996) (per curiam) (in a § 1983 action, finding no constitutional right to
> access a law library in preparing a *pro se* defense in a criminal trial upon
> the defendant's rejection of the assistance of court-appointed counsel).
> "The offer of court-appointed counsel satisfies a state's obligation to
> provide meaningful access to the courts." *Daker v. Ferrero,* No.
> 1:03-CV-2526-RWS, 2008 WL 822190, at *11 (N.D.Ga. Mar.26, 2008)
> (not reported in F.Supp.2d). Plaintiff has not asserted that Florida failed to
> meet its obligation to offer court-appointed counsel to assist him in
> defense of the state criminal charges. Simply by offering counsel, a state
> meets its obligation. Plaintiff does not have a "constitutional right to
> choose between an offer of counsel and an adequate prison law library."
> *Id*. at *12.

*Singleton v. FS No. 7084,* \_\_\_ F. Supp. 2nd \_\_\_\_,  2011 WL 617942, *3  (M.D.Fla. Feb.

15, 2011).

Similarly, in this case the Plaintiff is a pretrial detainee, who is represented by

counsel. Because he has the benefit of counsel – who at public expense has full access

to all legal materials – the Defendant does not have a right to access the law library with regard to matters in his criminal case. That is the function of his lawyer and if he wants to review any legal materials Plaintiff has a full opportunity to do so through his counsel. Accordingly, Plaintiff does not have a constitutional right to an adequate law library at the Leon County Jail in connection with his criminal proceedings in the state trial court and thus Plaintiff has not, and cannot, state a claim upon which relief may be granted.

## RECOMMENDATION

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1. Pursuant to 28 U.S.C § 1915(e)(2)(B), Plaintiff's claims should be **DISMISSED** for failure to state a claim upon which relief may be granted.

2. The dismissal of this case counts as a strike pursuant to 28 U.S.C § 1915(g).

**IN CHAMBERS**, at Gainesville, Florida, this 27th day of September 2013.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge